[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
This is a petition for habeas corpus brought by the petitioner mentioned above (hereinafter "petitioner") whose name was changed by court decree of the Circuit Court of Wise County/City of Norton, Virginia, on May 23, 2000 from Vaughn Daryl Outlaw to Alhizquiyalishmawiyl Ibrahim Rabbial Hiramramzideen. Part of said order was that the name change shall have no effect upon the Virginia Department of Corrections records nor requires any Virginia prison official to call the petitioner by the new name while the petitioner is incarcerated. Prior to his appeal on that issue in Virginia, the petitioner was transferred back to Connecticut where he claims in this petition that all records should be changed in the Department of Corrections to reflect his new name and that he should have an identification card which reflects only his new name. He states that this is required because of his being of the Muslim religion. A hearing was held before this Court on January 31, 2001, and an order was issued on that date which essentially ordered the files to have his new name listed under A/K/A (also known as) to be added to his old name in the records. As for any further relief, the Court finds as follows:
1. Failure to identify him by his Muslim name does burden his religion as set forth in CGS Sec. 52-571b. However, subsection (b) of said statute makes an exception to this violation if continuing to do what the Department of Corrections (DOC) is doing is a compelling governmental interest. After a hearing and testimony by the Chief of Records of the DOC, the Court finds the following:
1. There is a compelling governmental interest under said statute to continue to use the commitment name of Vaughn Outlaw in that there are approximately twenty-one thousand inmates and others under the custody of the DOC who had an A/K/A names added to their records. To require DOC to officially change all these names would be an administrative nightmare and would make DOC less able to keep track of all prisoners which in turn would endanger prison security. That is a compelling governmental interest. Further, DOC policy as it exists is the least restrictive means of furthering said compelling governmental interest. Accordingly, the CT Page 4408 Court ORDERS as follows:
 1. The order of this Court of January 31, 2001 is hereby confirmed, with no additions.
 2. The DOC is not ordered to substitute the new name for the prior name, and is not ordered to put the new name on petitioner's ID card.
Rittenband, JTR